USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREDERICK JONES,                                 :
                                                 :
                         Plaintiff,              :
                                                 :        1:14-cv-5730-GHW
                  -v -                           :
                                                 :        MEMORANDUM OPINION
UNITED STATES OF AMERICA, U.S.                   :             AND ORDER
DEPARTMENT OF HOUSING AND URBAN                  :
DEVELOPMENT, SECRETARY OF HUD,                   :
CITY OF NEW YORK, NYC DEPARTMENT                 :
OF HOUSING-PRESERVATION AND                      :
DEVELOPMENT-AND ITS AGENTS, ALLEN                :
AFFFORDABLE-HDFC, MHANY 20025, and               :
NYC COUNCIL OF THE CITY OF NEW                   :
YORK,                                            :
                                                 :
                         Defendants.             :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

   Mr. Jones, the plaintiff in this action, lives in an apartment building in Queens. The property was selected for renovation as part of redevelopment program for affordable housing, administered by the City of New York, and funded, in part, by the United States. Rather than moving out temporarily to allow the building to be renovated – as all of his neighbors did – the plaintiff held out. As a result, the building was not renovated, and decayed around him. In this, the sixth in a string of lawsuits by Mr. Jones, he seeks, among other things, to compel the United States to comply with a number of specified federal laws and regulations. Because the United States has not expressly waived its sovereign immunity with respect to the laws identified by the plaintiff, the case against the United States, the Department of Housing and Urban Development and the Secretary of that agency must be dismissed. The Court does not have jurisdiction over the plaintiff's remaining claims; they are, therefore, remanded to state court.

**I.      Background**

The complaint in this case is relatively spare, so, for the reader's interest, the Court will describe the background of this case based on the affidavits and briefs provided by the defendants. While the Court provides this information for context, the Court relies only on the facts pleaded in the complaint in reaching its decision.

The plaintiff lives in an apartment building located at 107-05 Sutphin Boulevard in Queens, NY.  Affidavit in Support of Petition, dated June 27, 2014 ("Affidavit") ¶ 2.  Doc. 1.  In 2001, the property was selected to be part of the City's Department of Housing Preservation and Development's Neighborhood Redevelopment Program.  Declaration of Jasmine M. Georges, dated September 8, 2014, Ex. B-C.  Doc. 14.  Pursuant to that program, the City of New York sells properties it acquires through foreclosure actions to private developers for renovation and rehabilitation.  The renovated properties are then rented out as affordable housing units.  The program "is funded through a combination of City and federal capital and proceeds from sales of federal low income housing tax credits."  City Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("City's Memorandum of Law") at 3.  Doc. 15.

Developers temporarily relocate buildings' tenants during renovations.  Tenants are entitled to return to an apartment in the building after the renovations are completed.  *Id.*  After the plaintiff's building was selected for the program, all of the tenants in the plaintiff's building agreed to leave so that renovations could be completed.  All, that is, except for the plaintiff, who decided to hold out and remain in his apartment.  *Id.* at 4.  Because he did not move, the property could not be renovated.  *Id.*  The funding dedicated to the renovation of his building was transferred to other projects—presumably ones from which tenants had been relocated and, therefore, where construction could take place.  *Id.*  Plaintiff got what he wanted – he stayed in his apartment – but, as the only remaining tenant, renovations were never conducted and the property decayed around him.  *Id.*

The plaintiff has filed a number of lawsuits.[1] In large part, the suits seek redress for the consequences of plaintiff's decision to remain in his apartment, and, thus, to prevent the renovation of the property. To date, the plaintiff has not prevailed in any of his cases.

In this case, the plaintiff seeks "to compel defendants to do a statutory duty pursuant to federal, state and city laws, and the Neighbor Hood [sic] Redevelopment Program." Notice of Petition, dated June 27, 2014 (the "Petition"). In his affidavit in support of the petition, the plaintiff asserts that the United States Department of Housing and Urban Development ("HUD") provided a loan to Allen Affordable HDFC that is secured by a mortgage. Affidavit at ¶ 3.

The plaintiff alleges that HUD "cancelled the Home funding And [sic] project based Section 8, Community Development Block Grant funding for the subject Neighborhood Redevelopment Project". *Id.* at ¶ 5. The plaintiff asserts that the Secretary of HUD failed to "consider and implement alternatives which would have enabled Him [sic] to effect policies and objectives of National Housing Act, 42 U.S.C.A. & [sic] 1441, 12 U.S.C.A. & [sic] 1701t." *Id.* at ¶ 6. The plaintiff further alleges that the Secretary of HUD's failure to "[m]eet and consult with tenants . . . " prior to terminating funding violated "Pub. L. No. 109-115, & 311, 119 Stat. 2462." *Id.* at ¶ 9. He further asserts that the Secretary of HUD has failed to oversee the "residents [sic] displacement and [r]elocation" resulting in violations of 24 C.F.R. Section 290.17(c)-(d). *Id.* He also asserts that HUD is well aware that tenants in the property are facing, among other things, evictions and rent increases. *Id.* at ¶ 10.

The complaint includes a number of allegations regarding defendants other than the United States of America, HUD, and the Secretary of HUD (collectively, the "U.S. Defendants"). Critically

---

[1] In addition to the current suit, the Court is aware of the following cases that the plaintiff has filed regarding the same underlying series of events: *Jones v. Dep't of Hous. Preserv. & Dev.*, No. 06 Civ. 2085 (LAP), 2007 WL 582751 (S.D.N.Y. Feb. 22, 2007); *Jones v. Dep't of. Hous. Preserv. & Dev.*, No. 06 Civ. 2085 (LAP), 2008 WL 5155725 (S.D.N.Y. Dec. 8, 2008); *Jones v. Dep't of Hous. Preserv. & Dev.*, Index No. 1059/08 (N.Y. Sup. Ct. May 22, 2008); *Jones v. Dep't of Hous. Preserv. & Dev.*, No. 09-CV-2104 (RJD)(LB); and *Jones v. Dep't of Hous. Preserv. & Dev.*, No. 11-CV-846 (RJD)(JMA), 2012 U.S. Dist. LEXIS 74265 (E.D.N.Y. May 25, 2012).

for this decision, however, the Petition and Affidavit do not identify any federal cause of action against any defendant other than the U.S. Defendants.

## II.     Procedural History

The plaintiff filed his Petition in the Supreme Court of the State of New York on June 27, 2014.  On July 25, 2014, the U.S. Defendants removed the case from state court to this Court pursuant to 28 U.S.C. § 1442(a)(1).  That statute allows the removal of any civil action against the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

Following removal of this action to this Court, the U.S. Defendants moved for dismissal of the claims against them.  Motion to Dismiss, dated September 10, 2014 ("Motion to Dismiss").  The City of New York, The New York City Department of Housing Preservation and Development, and the New York City Council filed a motion to dismiss the claims against them on September 8, 2014.

## III.    Analysis

### A.  Legal Standard

In assessing a motion to dismiss under Rule 12(b)(6), a court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that offers "labels and conclusions" or "a formalistic recitation of the elements of a cause of action will not do*."  Twombly*, 550 U.S. at 555.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is "substantively identical" to that governing Rule 12(b)(6). *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). However, the plaintiff bears the burden of establishing jurisdiction in a 12(b)(1) motion, and the plaintiff must meet that burden by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

### B. Discussion

In the Petition, the plaintiff asserts that the U.S. Defendants "failed to do a statutory duty pursuant to federal . . . laws." Petition at 2. The federal laws to which plaintiff points are the National Housing Act, 12 U.S.C. §1701, *et seq.* (the "NHA"), Section 311 of the HUD Appropriations Act, Pub. L. No. 109-115 ("Section 311"), and the federal regulation found at 24 C.F.R. § 290.17. The U.S. Defendants seek to dismiss the claims asserted against them in the Petition on the basis that that the United States has not waived sovereign immunity from suit with respect to the regulation and laws that plaintiff claims have been breached. For the reasons that follow, the Court agrees with the U.S. Defendants' argument and dismisses all of the Petition's claims against them.

"The Federal Government cannot be sued without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). Accordingly, "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). The same is true of suits against agencies of the federal government. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

"The terms of consent to be sued may not be inferred, but must be 'unequivocally expressed' . . . ." *White Mountain Apache Tribe*, 537 U.S. at 472 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *see also County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) ("Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." (internal quotation marks omitted)). Indeed, "[t]he sovereign immunity of the United States may only be waived by federal statute . . . ." *Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir.1999). Such a waiver "must be unequivocally expressed in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotation marks omitted).

The Court cannot find that the United States has waived its sovereign immunity with respect to the claims raised by the plaintiff. Section 311 does not contain a waiver of sovereign immunity. The parties have identified no statutory waiver of sovereign immunity with respect to the regulations found at 24 C.F.R. § 290.17. The NHA does provide for waiver of sovereign immunity in 12 U.S.C. §1702. However, that section of the NHA waives sovereign immunity only with respect to actions taken in carrying out specified enumerated sections of the NHA. *See Almeida v. U.S. Dep't of Hous. & Urban Development*, No. 08 Civ. 4582, 2009 WL 873125, at *3 (S.D.N.Y. Feb. 11, 2009). The plaintiff has not demonstrated that any of his claims fall within the enumerated provisions of the NHA with respect to which the United States has waived sovereign immunity. Accordingly, the plaintiff's claims against the U.S. Defendants are dismissed.

### C. Remand to State Court

Following the removal of an action to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court has dismissed all of the claims against the U.S. Defendants. The remaining claims do not raise any federal question. While the plaintiff asks the Court to

compel all of the defendants "to do a statutory duty pursuant to Federal [sic] State And City laws," the Petition and Affidavit do not identify any federal ground for relief against defendants other than the U.S. Defendants. Since there is no federal question with respect to defendants other than the U.S. Defendants, the Court does not have jurisdiction over the remaining claims under 28 U.S.C. § 1331. The plaintiff resides in New York State, as do the remaining defendants, therefore, the Court does not have diversity jurisdiction under 28 U.S.C. § 1331. In the absence of subject matter jurisdiction, the Court must remand the remaining claims to the state court from which this case was removed.

**IV.   Conclusion**

For the foregoing reasons, all of the plaintiff's claims against the United States of America, the U.S. Department of Housing and Urban Development, and the Secretary of Housing and Urban Development are dismissed with prejudice. The remaining claims are remanded to the Supreme Court of the State of New York, New York County. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  December 11, 2014
New York, New York

_____
GREGORY H. WOODS
United States District Judge